# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DIEGO MOLINA, #A 044-680-823**

    Petitioner,

vs.                                             CASE NO. 4:13cv278-RH/CAS

**ERIC HOLDER, et al.,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION

Petitioner, an inmate proceeding pro se, has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner did not, however, pay the required $5.00 filing fee or, alternatively, file a motion seeking leave to proceed in forma pauperis. While review of a habeas petition is usually deferred until the filing fee is paid or an in form pauperis motion is submitted, considering that this is a § 2241 petition concerning detention by immigration officials, a cursory review has been made to determine if jurisdiction is proper.

Petitioner has made contradictory allegations in the petition that he was housed at the Glades County Detention Center, and then transferred to the Baker County Detention Center in MacClenny, Florida. Doc. 1 at ¶ 1. Petitioner later asserts he was

detained in Moore Haven, Florida, and then at Glades County Detention Center. *Id.* at ¶ 3. At another point, Petitioner alleges he is currently detained in Baker County, Florida. *Id.* at ¶ 16. Because of the inconsistent statements, review of the Online Detainee Locator System provided on the U.S. Immigration and Customs Enforcement's website was made and states that as of this date, Petitioner is located in the Baker County facility which is in MacClenny, Florida. By virtue of Petitioner's naming "Warden Joy B. Dobson of Baker County" as a Respondent, it would appear that Petitioner was in Baker County at the time he mailed the petition to this Court.

The petition further indicates that Petitioner may have intended to initiate this case in the Middle District, although Petitioner is confused about the proper venue. Petitioner alleged that "venue lies in the United States District Court for the Middle District of Tallahassee, Florida the judicial district in which Petitioner resides." Doc. 1 at ¶ 10. Petitioner is correct that venue is appropriate in the Middle District of Florida, but Tallahassee is not within the Middle District.

Generally, the proper respondent in a habeas proceeding is the petitioner's "immediate custodian," that is, the warden of the facility in which the petitioner is incarcerated or detained at the time he files the habeas petition.[1] Rumsfeld v. Padilla, 542 U.S. 426, 439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); *see also* Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). In Padilla, the Supreme Court reiterated the simple and consistently applied rule that "[w]henever a § 2241 habeas petitioner seeks to challenge his present

---

[1] Padilla rejected the view that in "cases involving prisoners detained for 'other than federal criminal violations,' " a proper respondent may be "the person exercising the 'legal reality of control' over the petitioner . . . ." 542 U.S. at 437, 124 S.Ct. at 2719.

physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Padilla, 542 U.S. at 447, 124 S.Ct. at 2724. In this case, Petitioner has not named any Respondent in this district, and Petitioner is not detained in this district. Because Petitioner is housed in Baker County which is in the Middle District, this case should be transferred there for all further proceedings pursuant to 28 U.S.C. § 2241(d) and 28 U.S.C. § 1404(a).[2]

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that this petition for writ of habeas corpus under 28 U.S.C. § 2241 be **TRANSFERRED** to the United States District Court for the Southern District of Florida, Miami Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 14, 2013.

      S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[2] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Case No. 4:13cv278-RH/CAS